IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NICOLAS S. NICOLAS, § § § | |
| v. § § | CIVIL ACTION NO. 4:20-CV-1263 |
| DEUTSCHE BANK NATIONAL § TRUST COMPANY , AS § INDENTURE TRUSTEE FOR § AMERICAN HOME MORTGAGE § INVESTMENT TRUST 2006-3 and § PHH MORTGAGE CORPORATION. § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY**

**JUDGMENT**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff, Nicolas S. Nicolas, files this Response to Defendants' Motion for Summary Judgment, and respectfully presents to the court as follows:

## I.   INTRODUCTION

1. Plaintiff filed suit against Defendants and alleged the following causes of actions against Defendants: common law fraud; violations of RESPA and Regulation X, and violations of the TDCA.[1] Defendant/Movant filed its Motion for Summary Judgment stating that Plaintiff's claim for common law fraud, RESPA/Regulation X, and that the TDCA fails because there is not sufficient evidence to prove those claims.

---

[1] Cause no. 20-03-02961; In the 410th Judicial District Court of Montgomery County, Texas.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

2. Plaintiff executed a Texas Home Equity note on or about August 3, 2005 (the "Loan") which is the matter of this suit. Plaintiff suffered multiple hardships that resulted in the default of the Loan and Plaintiff filing for bankruptcy multiple times.

3. The most recent hardship was in 2016, when Plaintiff's health was failing, he needed emergency surgery, and he was unable to work because of his health. After accepting a loan modification in 2016, Plaintiff defaulted because of his inability to work and make the payments. Defendants offered loss mitigation options in 2017 and 2019, but Plaintiff did not accept those because it would have resulted in the loss of his home.[2] Plaintiff believed that he had no other option to keep his home so he filed for bankruptcy in late 2018 and the bankruptcy was dismissed in January 2019 because Plaintiff could not afford the plan payments. After the dismissal, Plaintiff attempted to obtain assistance in saving the home, but again was only offered the option to sell his home. Believing he had no other options, Plaintiff filed bankruptcy again in October 2019 and the bankruptcy was dismissed in February of 2020.

4. On or about March 3, 2020, Plaintiff initiated this action by filing the complaint before the scheduled foreclosure. Defendants removed the matter to this Court.

## III. SUMMARY JUDGMENT EVIDENCE

5. Plaintiff references the following evidence and incorporates it into this response by reference:

    Exhibit A:    Defendant's Motion for Summary Judgment Exhibits A-6 and A-12

    Exhibit B:    Doc 16. Motion to Withdraw Admissions

---

[2] *See* Exhibit A.

Deemed Admissions:

6. On September 17, 2021, Plaintiff has filed a Motion to Withdraw Deemed Admissions and is awaiting the Court's ruling.[3]

## VI. SUMMARY OF THE ARGUMENT

7. The Court should deny Defendants' Motion for Summary Judgment because Defendants' complaint concerns an alleged defective pleading. Such objections must be raised first through special exceptions with an opportunity for the other party to amend such pleadings if necessary.

8. The Court should deny Defendants' Motion for Summary Judgment because Plaintiff has pleaded sufficient facts that there is a genuine dispute to material facts in this matter.

## V. ARGUMENT AND AUTHORITIES

### A. FRAUD

9. Defendant argues that there is not sufficient evidence for a fraud claim under Fed. R. Civ. P. 9 ("FRCP 9") and because it does not meet the stringent pleading standard for fraud and misrepresentation, the Court should dismiss this claim.

10. This claim was initially brought in the state district court where the pleading standard of FRCP 9 for fraud did not apply. Upon the removal of the case, Defendant should have filed a motion for a more definite statement under Fed. R. Civ. P. 12(e) or filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) – both would have given the Plaintiff notice and opportunity to amend and follow the requirements of FRCP 9.

---

[3] See Doc 16.

11. Even if the Court did not require the stringent standard under FRCP 9, Plaintiff still has a genuine issue of material fact on his fraud claims. Specifically in his allegation that after the bankruptcy that was dismissed in January 2019, Plaintiff attempted to reach out to Defendant through their representatives for help but was met with conflicting and confusing answers as to what remedies may be available, and he was lead to believe he had no other option. The events and conversations with Defendant's representatives that lead up to the foreclosure are a material issue in the fraud, therefore, the Court should not enter into summary judgment for Defendant.

B. RESPA/REGULATION X

12. Defendant argues that Plaintiff failed to identify a specific provision of RESPA or Regulation X. Again, this argument is an argument for a more definite statement or to dismiss disguised as an argument for summary judgment.

C. TDCA

13. Defendant argues that Plaintiff did not recite any facts that show Defendant violated the TDCA. Again, this is not the standard to grant summary judgment. Rather, Defendant's allegation that there are not enough facts should show that there is a genuine issue of material fact regarding Defendant's alleged conduct. The Court should not grant summary judgment based off Defendant's argument that there was not enough facts.

## IV.   CONCLUSION

14. Plaintiff has pleaded in his Petition multiple causes of actions against Defendants, how Defendants committed those actionable causes, and the damages as a result of Defendants' conduct. Plaintiff's claims have a genuine issue of material fact that the Court must consider in order to adjudicate Plaintiff's claims against Defendants. The Court should deny Defendants' Motion for Summary Judgment.

## V.   PRAYER

WHEREFORE, Plaintiff respectfully requests this Court to deny Defendants' Motion for Summary Judgment. Plaintiff further requests this Court grant all other and further relief in which he may be entitled.

                                                            Respectfully submitted,

                                                            ALEXANDER LAW, PLLC

                                                            <u>/s/ Brandy M. Alexander</u>
                                                           Brandy M. Alexander
                                                           State Bar No. 24108421
                                                           S.D.T. Bar No. 3481068
                                                           2502 La Branch St
                                                           Houston, Texas 77004
                                                           Tel: (832) 360-2318
                                                           Fax: (346) 998-0886
                                                           Email: brandyalexander@alexanderpllc.com
                                                           *Counsel for Plaintiff*

## Certificate of Conference

I certify that I emailed the counsel for Movants on September 9, 2021 asking whether they would be opposed to the late-filing of this response. Movants were unopposed to this late-file.

Date: September 17, 2021

*/s/ Brandy M. Alexander*
Brandy M. Alexander

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on September 17, 2021 on the following counsel via ECF notification pursuant to the Federal Rules of Civil Procedure:

| | |
|---|---|
| BRIAN PAINO<br>State Bar No. 24065862<br>bpaino@mcglinchey.com<br>MCGLINCHEY STAFFORD<br>18201 Von Karman Ave, Ste 350<br>Irvine CA 92612<br>Telephone : (949) 381-5900<br>Facsimile: (949) 271-4040<br>*Counsel for Defendants* | GREG DEVRIES<br>State Bar No. 24105802<br>MCGLINCHEY STAFFORD<br>1001 McKinney, Suite 1500<br>Houston, Texas 77002<br>Telephone : (713) 520-1900<br>Facsimile: (713) 520-1025<br>gdevries@mcglinchey.com<br>*Counsel for Defendants* |